IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARILYN L. PARKER and RICHARNEA LOVELL,

        Plaintiffs,

v.

DERYCK L. GALLEGOS, Individually and in his Official Capacity as a Law Enforcement Officer of DeKalb County, Georgia, and DEKALB COUNTY, GEORGIA, a Political Subdivision,

        Defendants.

CIVIL ACTION NO.

1:12-cv-1551-JEC

### ORDER & OPINION

This case is before the Court on defendant DeKalb County's Motion to Dismiss [7]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that DeKalb County's Motion to Dismiss [7] should be **GRANTED**.

### BACKGROUND

This § 1983 action arises out of the allegedly unlawful search and seizure of plaintiffs' home by DeKalb County police officer Deryck Gallegos. (Compl. [2] at ¶ 21.) The search occurred on April 21, 2008. (*Id.*) According to plaintiffs, Gallegos entered their home on that date without any reasonable suspicion of criminal

AO 72A
(Rev.8/82)

activity and in the absence of probable cause. (*Id*.) Following the search, plaintiffs were illegally detained and subjected to battery and excessive force by Gallegos. (*Id.* at ¶ 22.) Plaintiffs were then maliciously prosecuted for disorderly conduct. (*Id.* at ¶ 23.) All of the charges against plaintiffs ultimately were dismissed. (Compl. [2] at ¶ 23.)

Plaintiffs originally filed suit against defendants in DeKalb County State Court on April 21, 2010. (Def.'s Mot. to Dismiss [7] at Ex. A.) In an apparent attempt to avoid removal, plaintiffs emphasized in the state court complaint that they were seeking relief "under state law **only**." (*Id*. at 6 (emphasis in original).) DeKalb County filed a motion to dismiss the state court complaint on the ground of sovereign immunity. (Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br.") [7] at 2.) In response, plaintiffs voluntarily dismissed the complaint without prejudice on November 3, 2011. (Def.'s Mot. [7] at Ex. B.)

Plaintiffs subsequently filed this action in federal court on May 3, 2012, asserting federal constitutional violations and seeking relief under § 1983. (Compl. [2].) DeKalb County contends that the federal action is precluded by the statute of limitations. (Def.'s Br. [7] at 3-5.) The County argues further that the action is barred as a result of plaintiffs' failure to pay costs in the dismissed

state court suit. (*Id.* at 6.) Based on these grounds, the County moves to dismiss the complaint under Rule 12(b)(6). (*Id*. at 3-6.)

## DISCUSSION

### I. RULE 12(b)(6) STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff. *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is not plausible, and is subject to dismissal under Rule 12(b)(6), if it is "'apparent from the face of the complaint that the claim is time-barred.'" *Arthur v. Thomas,* 674 F.3d 1257, 1269 n.9 (11th Cir. 2012)(quoting *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.,* 522 F.3d 1190, 1194 (11th Cir. 2008)).

### II. STATUTE OF LIMITATIONS

Section 1983 claims are "subject to the statute of limitations governing personal injury actions in the state where the . . . action has been brought." *DeYoung v. Owens,* 646 F.3d 1319, 1324 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal

3

injury actions. *Id.* and O.C.G.A. § 9-3-33. The limitations period begins to run when the facts that would support a cause of action "are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis,* 85 F.3d 556, 561-62 (11th Cir. 1996).

Plaintiffs concede that this case is subject to Georgia's two-year statute of limitations. (Pls.' Resp. to Defs.' Mot. to Dismiss ("Pls.' Resp.") [10] at 10.) Plaintiffs also acknowledge that the limitations period began to run on April 21, 2008, the date of the initial incident involving defendant Gallegos. (*Id.* at 2-3.) Plaintiffs did not file this complaint until May 3, 2012, over four years after the incident occurred and two years after the limitations period expired. (Compl. [2].)

However, plaintiffs argue that the action is timely by application of Georgia's renewal statute. (Pls.' Resp. [10] at 9-18.) The renewal statute provides that:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action.

O.C.G.A. § 9-2-61(a). Plaintiffs filed a state court action based on the Gallegos incident within the original statute of limitations. (Defs.' Mot. to Dismiss [7] at Ex. A.) They voluntarily dismissed

4

that action without prejudice on November 3, 2011. (*Id.* at Ex. B.) Applying the renewal statute, plaintiffs contend that they had until May 3, 2012 to file this action. (Pls.' Resp. [10] at 9-10.)

The Court agrees with defendants that renewal is not available in this case. By its plain language, the renewal statute only applies when "the same" case, having been timely filed and then dismissed, is recommenced within six months of dismissal. O.C.G.A. § 9-2-61(a). Comparing the original state complaint to the subsequently filed federal complaint, it is apparent that plaintiffs are not attempting in this action to recommence "the same" case that they timely filed in state court. (*Id.* and Compl. [2].) The complaint plaintiffs filed in state court was expressly limited to state claims against defendants for, among other things, negligent hiring and supervision, assault, battery, false imprisonment and violation of state constitutional rights. (Defs.' Mot. to Dismiss [7] at Ex. A.) The federal complaint, on the other hand, asserts a claim under § 1983 for violation of plaintiffs' federal constitutional rights. (Compl. [2] at ¶¶ 31, 33.)

Plaintiffs suggest that the renewal statute is nevertheless applicable because the claims asserted in the state and the federal complaints are based on the same facts. (Pls.' Resp. [10] at 11.) Neither the state nor the federal courts have interpreted Georgia's renewal statute so liberally. *See Shook v. Barrow Cnty. Bd. of*

5

*Comm'rs,* Civil Action No. 2:11-CV-128-RWS, 2012 WL 1898838, at *3 n.5 (N.D. Ga. May 23, 2012)(Story, J.)("in order to be protected by Georgia's renewal statute, the [§ 1983] claim must have been made in the original suit") and *Travis Pruitt & Assocs., P.C. v. Hooper,* 277 Ga. App. 1, 6 n.2 (2005)("a cause of action renewed under O.C.G.A. § 9-2-61(a) must state substantially the same cause of action as the one it succeeded."). Indeed, the only removal case that plaintiffs cite discredits their interpretation of the statute. *See Goins v. City of Quitman,* Civil Action No. 7:11-cv-117 (HL), 2012 WL 39638, at *2 (M.D. Ga. Jan. 9, 2012)(Lawson, J.)("the Court does not interpret O.C.G.A. § 9-2-61(a) to allow federal claims that were dismissed over thirteen months prior to be miraculously revived through the renewal of state law claims dismissed six months earlier").

The limitations period for this action expired over two years before the action was filed. Although plaintiffs filed a timely state court complaint, they expressly declined in that complaint to assert a claim under § 1983 or any other provision of federal law. Plaintiffs' federal claims are thus ineligible for renewal under O.C.G.A. § 9-2-61(a). Accordingly, the Court **GRANTS** defendants' motion and **DISMISSES** the federal claims with prejudice. To the extent plaintiffs are attempting to renew the state claims asserted in the original complaint, the Court declines to exercise jurisdiction over those claims, and **DISMISSES** them without prejudice.

6

*See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)("when the federal-law claims have dropped out of the lawsuit in its early stages . . . the federal court should decline the exercise of jurisdiction."). *See also Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1550 (11th Cir. 1992)(recognizing the same principle).

### III. <u>FAILURE TO PAY COSTS</u>

As an alternative ground for dismissal, defendants note the absence of any pleading or averment showing that plaintiffs have paid costs in the dismissed state court lawsuit. (Defs.' Mot. to Dismiss [7] at 6.)  Payment of costs in the previously dismissed action is a "condition precedent to filing a [renewal] suit." *Couch v. Wallace,* 249 Ga. 568, 569 (1982). *See also* O.C.G.A. § 9-11-41(d)(requiring the plaintiff to pay the costs of any previously dismissed action before asserting a second action based on or including the same claim).  However, there is an exception to this rule for costs "'unknown to [the] plaintiff after a good faith inquiry.'" *Jeff Davis Hosp. Auth. v. Altman,* 203 Ga. App. 168, 169 (1992)(quoting *Daugherty v. Norville Indus., Inc.,* 174 Ga. App. 89, 91 (1985)).

In response to the motion to dismiss, plaintiffs assert that prior to filing this action they inquired about costs in the DeKalb County Clerk's Office and were advised that no costs were due. (Pls.' Resp. [10] at 19.)  Plaintiffs also affirmatively state that they have not been assessed any costs by the DeKalb County State

7

Court. (*Id.*) Under the circumstances, the Court ordinarily would permit plaintiffs to amend their complaint to specifically allege the payment of any costs due in the prior action. As the Court has granted defendants' motion to dismiss, such amendment would be futile. However, in the interest of completeness and clarity, the Court notes that it is not dismissing plaintiffs' claims for failure to pay costs as required by the renewal statute, but rather because the renewal statute is inapplicable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** DeKalb County's Motion to Dismiss [7]. The federal claims in the complaint are **DISMISSED with prejudice**. To the extent plaintiffs intend to assert any state law claims, those claims are **DISMISSED without prejudice**.

SO ORDERED, this 25th day of January, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)